**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ONEWEST BANK, N.A.,**

                                          **Plaintiff,**

   **-against-**                                       **1:13-CV-01104**

**JILL A. SHEPHERD, CAPITAL
ONE BANK (USA) NA,**

                                        **Defendants.**

_____

**THOMAS J. McAVOY,
Senior United States District Judge**

**DECISION & ORDER**

**I. INTRODUCTION**

Before the Court is Plaintiff's Motion for Computation of Damages and Judgment of Foreclosure and Sale. Dkt. # 43.[1] Plaintiff seeks damages, costs and attorneys fees; and a judgment allowing for the foreclosure and sale of the subject property situated at 418 Upper Sherman Avenue, Queensbury, New York. For the reasons that follow, Plaintiff's motion is granted as to damages for unpaid principal balance, interest, accumulated late charges, recoverable balance due and owing on the note, and reimbursement costs; and for

---

[1] The Court had previously issued a decision in favor of Plaintiff as to liability against Defendants JILL A. SHEPHERD and CAPITAL ONE BANK (USA) NA. See 1/30/15 Dec. & Ord., dkt. # 42.

1

a judgment of foreclosure and sale of the subject property. Plaintiff's motion is denied as to attorneys' fees, and the appointment of the Hon. Randolph F. Treece, U.S. Magistrate Judge, as referee for the foreclosure and sale proceeding. Plaintiff is granted leave to renew the portions of the motion that are denied.

**II. DISCUSSION**

 **a.**  **Damages**

Plaintiff requests damages for unpaid principal balance, interest, accumulated late charges, and recoverable balance due and owing on the consolidated note secured by the subject mortgaged property. With respect to these damages, the Court is satisfied that the documents submitted with Plaintiff's current motion sufficiently demonstrate, by competent proof, that $190,768.96 ($186,991.21 in unpaid principle, interest, late charges, and protective advances; plus $3,777.75 in costs incurred)is owed to Plaintiff.

 **b.**  **Attorneys' Fees**

With respect to the portion of damages comprised of attorneys' fees, the Mortgage provides that if the Lender starts an action to protect its interest thereunder, and/or for Foreclosure and Sale, the Borrower will be required to pay to Lender "reasonable attorneys fees." See Mortgage, §9, §22.[2] The Court is unable to determine

---

[2]Section 9 provides that if the Lender starts an action to protect its right governed by the Mortgage, the action may include " . . . paying reasonable attorneys fees to protect its interest in the Property and/or rights under this Security Instrument . . . ."

(continued...)

2

whether the requested legal fees are reasonable. "In determining reasonable attorney's fees, the district court must calculate a 'lodestar' figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." <u>RCB Equities #3, LLC v. Skyline Woods Realty, LLC</u>, 2013 U.S. Dist. LEXIS 80028, at *3 (N.D.N.Y June 7, 2013)(citations omitted).[3] Plaintiff states that Windels Marx Lane & Mittendorf, LLP (hereinafter "WMLM") personnel performed over 70 hours of work on this litigation, but provides only an "abbreviated summary" of the "events in the case and the services rendered." Wilk Aff. ¶ 10; <u>see</u> <u>id</u>. ¶ 9.[4] Plaintiff has not itemized the hours spent on the various tasks, or the WMLM personnel performing the tasks (making it impossible to determine whether to apply an hourly rate for a WMLM

---

[2](...continued)
Section 22 provides that "[i]n a lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys fees to the amount I owe Lender, which will become part of the Sums Secured."

[3]Plaintiff argues that where a borrower agrees to pay attorneys' fees based on a percentage of indebtedness, reasonableness can be determined by that percentage. Plf. Mem. L., p. 3. Further, Plaintiff contends that the $7,428.00 in total fees requested (expended and anticipated) equates to an award of about 4% of the $186,991.21 of indebtedness and, therefore, is "a very reasonable measure." <u>Id.</u>; Wilk Aff., ¶ 18. However, as indicated above, the Mortgage provides that the borrower will pay "reasonable attorneys' fees," not a percentage of the indebtedness recovered.

[4](providing a summary of the services rendered but not itemizing the amount of time expended for each service; the dates of the services; or the personnel performing the services)

partner, associate, or paralegal). Without knowing how many hours were spent on each task, and who performed such tasks, the Court is unable to determine the reasonableness of the requested legal fees under the lodestar analysis. Plaintiff's motion for incurred attorneys' fees is denied with leave to renew upon proper support for the requested fees.

Plaintiff's request for anticipated legal fees in the amount of $700 is also denied with leave to renew. Plaintiff may file a motion to amend the judgment to seek additional attorney's fees after the fees are incurred. See SDF9 COBK LLC v. AF & NR LLC, 2014 U.S. Dist. LEXIS 119135, at *5 (E.D.N.Y. Aug. 20, 2014).

### c. Foreclosure and Sale

As to the portion of the motion seeking a judgment of foreclosure and sale of the subject property, "[a] plaintiff is entitled to foreclose on a property if it demonstrates the existence of an obligation secured by a mortgage, and a default on that obligation." Eastern Sav. Bank, FSB v. Beach, 2014 WL 923151, at *15 (E.D.N.Y. March 10, 2014) (internal citation and quotations omitted). Plaintiff has produced copies of the agreements establishing the Mortgage on the Property, as well as evidence that the Defendants defaulted on their obligations with respect to the underlying debt by failing to make the required monthly payments. The Court therefore finds that the Property should be foreclosed and sold, with the proceeds to be applied to the amount owed on the

Note, including the costs and attorney's fees that will presumably be determined and which, according to the Mortgage, are obligations secured by the Property.

Plaintiff has proposed that Magistrate Judge Treece be appointed referee for the purposes of conducting the mortgage foreclosure sale. However, the Court has confirmed that Magistrate Judge Treece has not volunteered for this appointment. Therefore, the Court declines to appoint Magistrate Judge Treece as referee to conduct the mortgage foreclosure sale. Plaintiff may renew its request for the appointment of a referee, but must submit for approval the name of an attorney admitted in the Northern District of New York who is willing to serve as the referee.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Computation of Damages and Judgment of Foreclosure and Sale [dkt. # 43] is **GRANTED IN PART and DENIED IN PART**.

The motion is **granted** as to damages for unpaid principal balance, interest, accumulated late charges, recoverable balance due and owing on the note, and reimbursement costs in the amount of $190,768.96 ($186,991.21 in unpaid principle, interest, late charges, and protective advances; plus $3,777.75 in costs incurred); and for a judgment of foreclosure and sale of the subject property situated at 418 Upper Sherman Avenue, Queensbury, New York.

Plaintiff's motion is **denied with leave to renew** as to

5

attorneys' fees incurred to date; for anticipated legal fees; and for the appointment of a referee for the foreclosure sale proceeding.

Upon renewal of Plaintiff's application for attorneys' fees and the appointment of a referee, Plaintiff should submit a revised proposed Judgment of Foreclosure and Sale with the attorneys' fees amount and the name of the referee left blank for the Court to fill in.

**IT IS SO ORDERED.**

**Dated: April 29, 2015**

_____
Thomas J. McAvoy
Senior, U.S. District Judge